IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EQUITABLE RESOURCES, INC.,        )
                                  )
    Plaintiff/Counterclaim       )
    Defendant,                   )   Civil Action No. 07-631
                                  )
    v.                           )   Judge McVerry
                                  )   Magistrate Judge Caiazza
TRINITY INDUSTRIES, INC.,         )
*et al.*,                         )
                                  )
    Defendants/Counterclaim      )
    Plaintiffs.                  )

**ORDER**

In this case, the Plaintiff brought monetary claims based on the Defendants' receipt and use of its natural gas. The Defendants asserted counterclaims, alleging that their use of the gas was inadvertent, having been caused by the conduct of the Plaintiff. The parties appeared before the undersigned and reached a monetary settlement of the case. After the settlement was reached, but before the agreement was finalized and executed, the Plaintiff attempted to remove its gas meter equipment from the Defendants' premises. The Defendants since have refused to execute the settlement agreement and fulfill their duties under the same.

The Defendants admit that a monetary settlement regarding the provision of gas has been reached. And though the Complaint makes reference to Equitable's "consent[ing] to" the Defendants' retention of the meter equipment, no claims regarding the

equipment have been leveled in the Complaint or in the Defendants' Counterclaims.

Simply stated, the equipment issue falls outside the scope of this lawsuit. It is too late for an amendment, moreover, as the only substantive claims in the pleadings have been settled. If either party wishes to address the equipment, another lawsuit will be necessary.

These things being said, the undersigned believes it in everyone's best interests to resolve the equipment dispute without resort to further litigation. The court therefore **ORDERS** the following: the Plaintiff's Motion to enforce the settlement agreement (**Doc. 17**) is **TEMPORARILY DENIED**; the parties' cross-requests for the assessment of sanctions, costs and/or fees are **DENIED**; and counsel shall appear in the undersigned's chambers for a **settlement conference on October 25, 2007 at 2:15 p.m.** Counsel shall ensure that persons with full settlement authority are available by telephone, and the parties shall bring with them any documents bearing upon who has ownership or possessory interests in the equipment. *Cf., e.g.*, Defs.' Opp'n Br. (Doc. 18) at 2-3 (suggesting Defendants "paid [for]" equipment); *but see id.* at 4 (indicating Defendants paid only for installation).

THESE THINGS ARE SO ORDERED.

October 16, 2007

*Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge

cc:

John P. Liekar, Jr., Esq.
Mark Fischer, Esq.
J. Michael Baggett, Esq.